IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAPHAEL LEVI,

      Plaintiff,

v.

NURSE JULIAN CRANE, NURSE NIKKI,
NURSE AMANDA, WEXFORD HEALTH
SOURCES, INC., ANTHONY WILLS, and
JOHN DOE CORRECTIONAL OFFICER,

      Defendants.

Case No. 25-cv-1576-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Raphael Levi, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Levi's original Complaint (Doc. 1) was dismissed without prejudice for failure to state a claim (Doc. 12). In his Amended Complaint (Doc. 13), Levi alleges that defendants were deliberately indifference to his leg infection.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Amended Complaint

On August 7, 2023, Levi noticed a burning sensation in his lower right leg and his leg began to swell two times its normal size (Doc. 13, p. 6). Levi began submitting nurse sick call slips

1

to Nurse Nikki (*Id.*). He also tried to show Nurse Nikki his leg when she was in the unit, but she just kept walking past his cell and refused to provide him with any assistance. Despite submitting several requests, he was never seen by the healthcare unit (*Id.*).

On some unspecified date, Nurse Amanda came to Levi's cell to provide his cellmate with an injection for his diabetes (Doc. 13, p. 6). Levi explained his condition to Nurse Amanda and noted the pain and discomfort, but she refused to provide him with medical care (*Id.*). Levi later went to the healthcare unit for a TB shot and showed another nurse his leg (*Id.*). She immediately ordered Levi transferred to the emergency room for treatment (*Id.* at pp. 6-7). Unfortunately, the emergency room was unable to diagnose his condition.

Levi later saw Nurse Practitioner Julian Crane who diagnosed his wound as a skin fungus (Doc. 13, p. 7). Levi alleges that Crane diagnosed him despite not actually looking at his leg. She prescribed antibiotics but the medication made his leg feel like it was on fire (*Id.*). Levi suffered from cold sweats, and he noticed puss at the wound, but the nurses failed to provide him any additional care.

In November, a nurse practitioner referred Levi to a wound clinic and the clinic referred Levi to an orthopedist (Doc. 13, p. 7). Upon returning from the wound clinic, Levi saw an unknown nurse practitioner, but the provider told him that he could not prescribe pain medication (*Id.*). Levi filed a grievance about his condition and the warden responded that he received a dressing change. Levi alleges that the grievance informed Warden Anthony Wills of his need to see a doctor outside of the prison.

In February 2024, Levi finally saw the orthopedist who ordered an MRI and diagnosed him three months later with a bone infection (possibly MRSA) (Doc. 13, p. 8). An attached email from a class action lawsuit regarding inmate healthcare, of which Levi is apparently a member,

indicates that the bone specialist diagnosed Levi with an infection so severe that his femur bone was "dead" and needed removed (*Id*. at p. 12).

In September 2024,[1] Levi had surgery, but was left with a hole in his leg (*Id*. at p. 8). Levi alleges that he dealt with extreme pain for over a year before finally being sent to a specialist again in December 2025 (*Id*.). He required additional surgery for his leg wound (*Id*.). Levi alleges that he should have had the initial surgery earlier, but proper treatment was delayed due to Defendants ignoring his requests for care (*Id*.). Levi alleges that he ultimately had three surgeries to treat the infection in his leg (*Id*. at p. 9).

Levi further alleges that Wexford Health Sources provided medical care professionals and services to the prison and employed the defendant nurses and nurse practitioners (Doc. 13, p. 9). Levi also alleges that Wexford lacked procedures for treating MRSA in the bone (*Id*. at pp. 9-10). Levi's leg was not properly monitored despite oozing blood and puss (*Id*. at p. 10). Levi also alleges that Anthony Wills failed to grant Levi's emergency grievance or grant his request in the grievance to be sent to an outside hospital (*Id*.). Finally, Levi alleges that a John Doe officer failed to provide him with medical attention (*Id*.).

## **Preliminary Dismissals**

Levi alleges that Anthony Wills is liable because he denied his grievance and failed to send him for outside medical care in response to his grievance. But the denial or mishandling of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Levi fails to allege that Wills was personally involved in his medical care and any claim against Wills is **DISMISSED without prejudice**.

---

[1] Levi indicates that his surgery occurred on September 18 and 25 (Doc. 13, p. 8). It is not entirely clear as to whether he had two surgeries in September 2024 or is just unclear as to the date. The email in the *Lippert* case indicates that he was scheduled twice for medical furloughs for surgery, but the furloughs were cancelled without explanation (*Id*. at p. 12).

Levi also refers to a John Doe Nurse Practitioner that allegedly denied him care but he fails to identify this provider as a defendant in the case caption. In order to be a party in the case, a plaintiff must identify them in the case caption. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005). Because Levi fails to identify the nurse practitioner as a defendant, any claim against him is **DISMISSED without prejudice**.

Levi identifies a John Doe Correctional Officer in the case caption but in his statement of claim Levi states that the John Doe officer failed to give him medical attention. There are no allegations stating when Levi interacted with this officer or whether the officer knew about Levi's medical condition and need for care. *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). *See also Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) ("[l]iability depends on each defendant's knowledge and actions"). His conclusory statements are not enough to state a claim and any claim against the John Doe correctional officer is **DISMISSED without prejudice**.

### Discussion

Based on the allegations in the Amended Complaint, the Court designates the following counts:

> **Count 1:** **Eighth Amendment deliberate indifference to medical needs claim against Nurse Nikki and Nurse Amanda for refusing and/or ignoring Levi's request for medical care.**
>
> **Count 2:** **Eighth Amendment deliberate indifference to medical needs claim against Nurse Practitioner Julian Crane for failing to properly examine and treat his leg condition.**
>
> **Count 3:** ***Monell* claim against Wexford Health Sources, Inc. for failing to have a policy or practice for adequately monitoring bone infections.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Levi states a claim against Nurse Nikki, Nurse Amanda, and Nurse Practitioner Julian Crane. Levi alleges that the nurses ignored his requests for care. He alleges the nurse practitioner prescribed him ineffective medication without even properly examining him. Each defendant's actions allegedly caused delays in his care. Levi alleges that if he had been seen by providers in a timely fashion, he would not have suffered from the extensive infection or required numerous surgeries. Such a delay can amount to deliberate indifference. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (noting that a delay in treatment can also amount to deliberate indifference if the "delay exacerbated the injury or unnecessarily prolonged an inmate's pain"). Thus, Counts 1 and 2 shall proceed.

But Levi fails to state a viable claim against Wexford. Levi first alleges that Wexford is liable because its employees denied him adequate treatment. Wexford cannot be liable simply as the employer of the defendants because there is no supervisor liability under Section 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). A corporation can only be liable if it had a policy or practice that caused the constitutional deprivation. *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying municipal liability to private corporations performing governmental functions); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). The lack of a policy also states a claim if "there is a conscious decision not to take action." *Glisson v. Indiana Dept. of Corrections*, 849 F.3d 372, 381 (7th Cir. 2017); *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). Levi tries to tie the individual defendant's actions to a practice or custom

---

[2] This includes any claim under the Fourteenth Amendment for Levi's medical treatment. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

but only states in conclusory fashion that "the existing custom and practice of Wexford with respect to the treatment of [his] infected leg condition created an unreasonable risk of a constitutional violation." (Doc. 13, pp. 9-10). Levi fails to identify a specific policy. He later alleges that Wexford failed to have a proper procedure for handling and monitoring infections in the bone. But there are no allegations to suggest that Wexford made a conscious decision not to treat leg infections or monitor bone infections. His limited and conclusory allegations simply fall short of alleging a *Monell* claim. Thus, Count 3 is **DISMISSED without prejudice**.

### Disposition

For the reasons stated above, Count 1 shall proceed against Nurse Nikki and Nurse Amanda. Count 2 shall proceed against Julian Crane. Count 3 and all other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Nurse Nikki, Nurse Amanda, and Julian Crane: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Levi. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Levi, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above

6

or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Because Levi's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Levi, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Levi is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 17, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**